United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

  v.

DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ,

    Defendants.

No. 09-04531 CW

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STAY
(Docket Nos. 61 and 71)

    Plaintiff Craters & Freighters allege that Defendants Daisychain Enterprises, Cathy Benz and Fred Benz infringe its registered trademarks. Defendants move to dismiss Plaintiff's claims based on insufficient process and service of process. They also move to stay the proceedings pending their motion to dismiss. Plaintiff opposes both motions. The motions were taken under submission on the papers. Having considered all the papers submitted by the parties, the Court DENIES Defendants' Motion to Dismiss and DENIES as moot their Motion to Stay.

BACKGROUND

    Plaintiff asserts that it owns two registered trademarks, including the word mark "Craters & Freighters." It alleges that Defendants' mark "Freight & Crate" infringes upon this intellectual

property.

On October 19, 2009, Plaintiff filed proofs of service for, among other things, its Complaint and the Court's summonses. The proofs indicate that Plaintiff's process server Charles Darwin personally served Defendants on the morning of October 3, 2009 at 9429 Wellington Circle in Windsor, California.[1] The accompanying affidavits of reasonable diligence show that Mr. Darwin attempted to serve process three times at a home on Wellington Circle between October 1 and 3.

On October 22, Plaintiff applied <u>ex parte</u> for a temporary restraining order to enjoin Defendants from using the "Freight & Crate" mark. This Court denied Plaintiff's application and scheduled a hearing on a preliminary injunction for December 3, 2009.

On December 1, John Lytle, Defendants' prior counsel, filed declarations by Mark Green and Mr. Benz. Mr. Green asserted that he had been renting the Wellington Circle home since July 1, 2009. He states that he found "papers sticking out from under the doormat" approximately six to eight weeks before November 30, 2009. Green Decl. ¶ 3. Mr. Benz indicated that he did not receive process concerning Plaintiff's preliminary injunction until "tenant Mark Green handed me the legal papers entitled: 'reply in re hearing on preliminary injunction and supplemental declaration of

---

[1] The Proof of Service for Daisychain Enterprises lists "95429 WELLINGTON CIRCLE" as the address where service occurred, which appears to be a typographical error. (Docket No. 7.) The proofs for Mr. and Mrs. Benz list "9429 WELLINGTON CIRCLE." (Docket Nos. 8 and 9.)

2

Donald L. Tasto in support thereof and proposed preliminary injunction.'" Fred Benz Decl. of Dec. 1, 2009 ¶ 4. He acknowledged that 9429 Wellington Circle in Windsor, California, was listed as the address for the agent for service of process for Daisychain Enterprises. However, Mr. Benz asserted that "after relocating the business and my residence, I changed the address for the agent of process listed with the Secretary of State's office to the current address of the business." Fred Benz Decl. of Dec. 1, 2009 ¶ 6. A printout from an Internet web page attached to Mr. Benz's declaration showed that, as of November 27, 2009, Daisychain Enterprises listed Cathy Gutierrez at 57 West Barham Avenue in Santa Rosa, California as the agent for service of process. Fred Benz Decl. of Dec. 1, 2009, Ex. In his declaration, Mr. Benz requested "that the court set aside the default entered against all Defendants." Fred Benz Decl. of Dec. 1, 2009 ¶ 7.

Mr. Lytle appeared on behalf of Defendants at the December 3 hearing. He represented that Defendants had recently received Plaintiff's process concerning the preliminary injunction, consistent with Mr. Benz's declaration. Mr. Lytle proceeded to argue the merits of Plaintiff's action, asserting that Defendants might have a defense of laches based on a demand letter sent by Plaintiff. He stated that he would file an opposition brief to Plaintiff's motion for a preliminary injunction by December 11.

On December 11, Defendants notified the Court that they had dismissed Mr. Lytle and decided to proceed pro se. They filed an opposition to Plaintiff's motion. They asserted that they were reserving their defense of improper service, but nevertheless

3

argued that a preliminary injunction was not proper because Plaintiff was not likely to succeed on the merits of this action. Defendants asserted, among others, a defense of laches. Based on the parties' papers, the Court issued a preliminary injunction on December 16, 2009.

On December 28, Defendants filed a "Motion for Relief from Judgment/Order," which the Court construed to be a motion for leave to file a motion for reconsideration of the preliminary injunction. Defendants conceded that their prior counsel did not raise a defense of insufficient service. Defendants also maintained that the Court should have delayed its decision on Plaintiff's motion by seven to ten days so that they could submit evidence in support of their opposition. The Court denied Defendants' motion.

Defendants filed their motion to dismiss on February 1, 2010. They did not appear at the hearing on Plaintiff's Motion for Default Judgment, held on February 5, 2010 by the Honorable Joseph C. Spero.

With regard to sufficiency of service, Plaintiff proffers the declaration of Mr. Darwin. He states that, in his attempt to serve Defendants at the Wellington Circle home on October 3, he "shouted through the door in a voice that could clearly be heard that they were being served with summons and complaint, and [he] left the papers at the front door to constitute personal service." Darwin Decl. ¶ 10. He maintains that, prior to leaving the papers at the door, he heard voices from within the home and "saw through a glass window two people meeting the description of the Benz's as provided by the two neighbors." Darwin Decl. ¶ 8.

4

In support of their motion to dismiss, Defendants have filed multiple declarations, two of which include results from polygraph examinations. In one declaration, Mr. Benz asserts that he moved his family to Idaho in June, 2009 and has not resided in the Wellington Circle home since then. He also maintains that the "legal papers Mr. Green found under the doormat were related to the foreclosure action filed by the Mortgage Company, not anything from the Plaintiff herein," Fred Benz Decl. of Jan. 28, 2010 ¶ 12, which contradicts his earlier declaration that Mr. Green gave him papers concerning Plaintiff's preliminary injunction. Mr. Benz states that, when he moved to Idaho, he and Mrs. Benz "decided to let Daisychain Enterprises dissolve due to the loss of business and poor economy." Fred Benz Decl. of Jan. 28, 2010 ¶ 9.

## LEGAL STANDARD

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). Once a defendant challenges service, a plaintiff bears "the burden of establishing that service was valid under" Federal Rule of Civil Procedure 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

## DISCUSSION

As an initial matter, the Court construes Defendants' motion to arise under Federal Rule of Civil Procedure 12(b)(5), which provides that a party may move to dismiss for insufficient service of process. Although Defendants assert that they are also moving

5

pursuant to Rule 12(b)(4), they do not argue that the summonses were defective. See Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), rev'd on other grounds, 487 U.S. 412 (1988) (stating that Rule 12(b)(4) was "designed to challenge irregularities in the contents of the summons").

Plaintiff asserts that Defendants have waived their insufficient service defense based on their conduct in this action. In particular, Plaintiff points to Defendants' opposition to the entry of a preliminary injunction, through both Mr. Lytle and their opposition brief, and their motion for leave to file a motion for reconsideration.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." Benny, 799 F.2d at 492. Federal courts have held that a defendant may waive a Rule 12(b) defense through conduct. For instance, a defendant can waive a Rule 12(b) defense if it is not asserted in an opposition to a preliminary injunction. See Hendricks v. Bank of Am., N.A., 408 F.3d 1127, 1135 (9th Cir. 2005); Bautista-Perez, 2008 WL 314486, at *6-*7 (citing Hendricks and concluding that the defendant waived improper venue defense by not asserting it in an opposition to a preliminary injunction).

California law, which applies to issues concerning service in

federal court under Federal Rule of Civil Procedure 4(e)(1), provides that a "general appearance by a party is equivalent to personal service of summons on such party." Cal. Civ. Proc. Code § 410.50(a). "Unlike a special appearance to challenge jurisdiction, a general appearance is the equivalent of personal service of summons for jurisdictional purposes, dispensing with any need to effect such service and curing defective service or other lack of notice." 366-386 Geary St., L.P. v. Superior Court, 219 Cal. App. 3d 1186, 1193 (1990) (citations omitted). "An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections." Id. (citations omitted). An opposition to a motion for a preliminary injunction constitutes a general appearance in an action because the motion "'involves a determination related to the merits of the case.'" Factor Health Mgmt., LLC v. Superior Court, 132 Cal. App. 4th 246, 251 (2005) (quoting Sch. Dist. of Okaloosa County v. Superior Court, 58 Cal. App. 4th 1126, 1133 (1997)) (editing marks omitted); accord Emma Court LP v. United Am. Bank, 2009 WL 4456387, at *3-*5 (N.D. Cal.).

Through their conduct, Defendants have forfeited their defense of insufficient service of process. As noted above, they opposed Plaintiff's motion for a preliminary injunction on two occasions: at the December 3 hearing and in their opposition brief filed on December 11. In neither instance did Defendants' former counsel or Defendants themselves argue a defense of defective service; instead, they contested the merits of Plaintiff's action. In their opposition to the preliminary injunction, Defendants did assert that they did not intend to waive a defense of insufficient

7

service, but they nonetheless contested the merits of the action. They did not formally raise or state the basis for the defense. Rather, they waited over two months before they asserted the defense, after the Court had rendered two decisions related to the merits of this case. Defendants cannot seek the Court's preliminary determination of the merits and then, after receiving an adverse decision, ask to be dismissed from the action. Moreover, by asking the Court to reconsider its preliminary injunction, Defendants implicitly conceded that the Court had authority to issue the injunction. Under these circumstances, Defendants waived their Rule 12(b)(5) defense.

Also, Defendants' conduct satisfied service requirements under state law. It is immaterial that they attempted to preserve their insufficient service defense. In their opposition, they addressed more than jurisdictional issues by arguing the substance of Plaintiff's claims. This constitutes a general appearance, which is the equivalent of personal service in California.

Because the Court denies Defendants' Motion to Dismiss, it need not address their motion to stay these proceedings.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (Docket No. 61) and DENIES as moot their Motion to Stay Proceedings (Docket No. 71).

Plaintiff has filed a motion for an order to show cause, alleging that Defendants have violated the preliminary injunction by, among other things, maintaining an infringing website at www.fr8ncr8.com. (Docket No. 60). Although their opposition to

8

this motion was due February 25, 2010, Defendants have not filed a response.  Defendants shall file an opposition within seven days of the date of this Order, and any reply shall be due one week thereafter.  A hearing on Plaintiff's motion will be held on Thursday, April 15, 2010 at 2:00 p.m.  **Defendants' failure to file an opposition and/or attend the hearing will result in the granting of Plaintiff's motion and the provision of appropriate relief.**

IT IS SO ORDERED.

Dated: March 2, 2010

CLAUDIA WILKEN
United States District Judge

9