IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRATERS & FREIGHTERS,<br><br>    Plaintiff,<br><br>  v.<br><br>DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ,<br><br>    Defendants.<br>_____/ | No. C 09-4531 CW<br><br>ORDER DENYING DEFENDANT LEAVE TO FILE A MOTION TO RECONSIDER AND OVERRULING OBJECTION TO REPORT AND RECOMMENDATION<br>(Docket Nos. 86, 87 and 89) |

Defendant Fred Benz moves for leave to file a motion to reconsider the Court's Order of March 2, 2010 on the motion to dismiss filed by him and Cathy Benz.[1]  Mr. Benz also objects to the report and recommendation by the Honorable Joseph C. Spero on Plaintiff's Motion for Default Judgment.  Because both the motions and the objection are premised on the same argument, the Court considers them both below.

As an initial matter, the Court notes that the papers filed by

---

[1] On March 30, 2010, Mr. Benz filed another motion for leave to file a motion for reconsideration.  (Docket No. 89.)  In that motion, he repeats the same arguments discussed in his first motion on this issue and requests that his motion be scheduled for hearing.

Mr. Benz state that they are also brought on behalf of Cathy Benz, although she has not signed them, and corporate Defendant Daisychain Enterprises.  Because he is not an attorney authorized to practice before this Court, Mr. Benz cannot represent either Mrs. Benz or Daisychain Enterprises.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194 (1993) and 28 U.S.C. § 1654).  The Court therefore construes the motions and objections as brought solely on behalf of Mr. Benz.  In the future, Mrs. Benz must sign papers that she intends to join.  However, as a corporate entity, Daisychain must be represented by an attorney.  Notably, John B. Lytle remains counsel of record for Daisychain; he has not, as required by Civil L.R. 11-5, filed a motion for leave to withdraw from this case.

    Mr. Benz re-asserts the argument, contained in the motion to dismiss, that the Court lacks personal jurisdiction because Plaintiff did not effect proper service.  Because he only repeats his prior argument, the Court need not consider his motions for leave to file a motion to reconsider.  See Civil L.R. 7-9.  The Court nevertheless addresses Mr. Benz's argument because he poses it as an objection to Judge Spero's report and recommendation, which concerns a dispositive matter.  See 28 U.S.C. § 636(b)(1)(B); Civil L.R. 72-3.

    On March 3, 2010, Judge Spero recommended that default judgment be entered against Daisychain and Mr. and Mrs. Benz and that Plaintiff's request for a permanent injunction and $47,006.00

in attorneys' fees and costs be granted.  On March 17, Mr. Benz timely objected, asserting that the report and recommendation was erroneous because the Court lacks personal jurisdiction over the Defendants on grounds of improper service of process.  The gravamen of his argument is that Plaintiff's attempt at service at a residence on Wellington Circle in Windsor, California did not constitute proper service under either federal or state law.

In his report and recommendation, Judge Spero addressed the issue of service of process by referring to this Court's Order denying Mr. and Mrs. Benz's Motion to Dismiss.  This Court denied the motion based on Mr. and Mrs. Benz's conduct; the ruling was not based on a finding of proper service by Plaintiff.  Although they stated in prior filed papers that they did not intend to waive a defense of insufficient process, Mr. and Mrs. Benz did so by arguing, either through counsel or on their own, the merits of Plaintiff's case with respect to the entry of a preliminary injunction.  This constituted a general appearance, thereby waiving the Rule 12(b)(5) defense under federal law.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986); see also Bautista-Perez v. Mukasey, 2008 WL 314486, at *6-*7 (N.D. Cal.).  Moreover, under California law,

> Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him . . . .  A general appearance by a party is equivalent to personal service of summons on such party.

Cal. Civ. Proc. Code § 410.50(a).  As noted in the Court's prior order, Mr. and Mrs. Benz sought two decisions on the merits of Plaintiff's case before formally raising their defense of improper

3

service. A defendant cannot first seek a court's determination of the merits of an action and subsequently request dismissal when that decision is adverse to him or her.

Accordingly, the Court DENIES Mr. Benz's motions (Docket Nos. 86 and 89) and OVERRULES his objection to the report and recommendation (Docket No. 87).

IT IS SO ORDERED.

Dated: May 3, 2010

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

4