IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

  v.

DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ,

    Defendants.

No. C 09-4531 CW

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FURTHER ATTORNEYS' FEES (Docket No. 108)

    Plaintiff Craters & Freighters seeks to recover attorneys' fees in addition to those already awarded.  Defendants Daisychain Enterprises, Cathy Benz and Fred Benz did not file an opposition to Plaintiff's motion.  The motion was taken under submission on the papers.  Having considered the papers submitted by Plaintiff, the Court GRANTS the motion in part.

BACKGROUND

    In his report and recommendation on Plaintiff's motion for default judgment, the Honorable Joseph C. Spero recommended that the Court find Defendants willfully infringed Plaintiff's trademarks, rendering this an "exceptional" case and justifying the award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).  Report and Recommendation of March 3, 2010, at 19.  Judge Spero also recommended that the Court award Plaintiff $32,905.50 for attorneys' fees incurred as of November 23, 2009.  Id. at 20.  This total was the sum of $17,570.00 and $15,335.50, which were the amounts billed by Plaintiff's counsel John P. Schmitz and Donald L.

Tasto respectively. Id. at 20. Schmitz billed at $200.00 per hour, whereas Tasto billed at $295.00 per hour. Id. at 19. Judge Spero recommended finding the billing rates reasonable, but recommended disallowing hours unreasonably expended and denying Plaintiff's request for fees for services not billed as of November 23. The Court adopted Judge Spero's report and recommendation.

Plaintiff now seeks to recover fees incurred after November 23, 2009. A significant amount of litigation in this action occurred after that date. On December 3, 2009, the Court held a hearing on Plaintiff's motion for a preliminary injunction, at which Plaintiff's counsel appeared. On February 1, 2010, Defendant Fred Benz filed a motion to dismiss, which Plaintiff opposed. On February 3, 2010, Plaintiff filed a motion for an order to show cause concerning Defendants' violation of the Court's preliminary injunction. On February 5, 2010, Judge Spero held a hearing on Plaintiff's motion for default judgment, at which Plaintiff's counsel appeared. On February 17, 2010, Mr. Benz filed a motion to stay the proceedings, which Plaintiff opposed. On April 15, 2010, the Court held a hearing on Plaintiff's motion for an order to show cause, at which Plaintiff's counsel appeared.

DISCUSSION

After November 23, 2009, Schmitz charged Plaintiff $21,835.78 for fees,[1] and Tasto charged $8,862.19 for the same. Schmitz's billing rate was $200 per hour. Tasto billed $295 per hour for

---

[1] In his declaration, Schmitz stated that he billed Plaintiff $21,835.53 for fees. Schmitz Decl. ¶ 3. However, a review of his billing statements shows that he billed $21,835.78.

2

work completed through December 16, 2009; for work completed thereafter, he charged $200 per hour. The billing rate for paralegals was $75 per hour. Schmitz and Tasto filed declarations and billing statements in support of Plaintiff's motion.

As noted above, the Court has already found this to be an "exceptional" case warranting the award of attorneys' fees. Thus, the Court "may award reasonable attorney fees" to Plaintiff as the prevailing party. 15 U.S.C. § 1117(a).

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262. However, the court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

The hourly rates charged were reasonable. In addition, the Court finds most of the hours billed to be reasonable, with one exception. On March 9, 2010, Schmitz spent 3.9 hours reviewing an "attorney audit report," drafting an "Annual Attorney Opinion Letter," reviewing an "FASB No. 5" and discussing with co-counsel the Court's "ruling on order to show cause." Schmitz Decl., Ex. A at 2. The same day, a paralegal spent half an hour gathering

3

"notes and files for Attorney Audit Letter." <u>Id.</u>  Aside from counsel's discussion on the Court's ruling, the other tasks billed do not appear necessary to this litigation.  Accordingly, the Court disallows recovery for three hours of work claimed by Schmitz and the one-half hour of work completed by the paralegal.

    With the Court's reduction taken into account, Plaintiff is awarded an additional $30,022.97 for attorneys' fees incurred after November 23, 2009.  Of this amount, $21,160.78 and $8,862.19 are attributable to Schmitz and Tasto respectively.

## CONCLUSION

    For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for further attorneys' fees.  (Docket No. 108.) Plaintiff is awarded an additional $30,022.97 for fees incurred after November 23, 2009.  Defendants shall pay this amount forthwith.

    IT IS SO ORDERED.

Dated: July 22, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRATERS & FREIGHTERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAISYCHAIN ENTERPRISES, et al.,<br><br>　　　　Defendants.　　　　／ | Case Number: CV09-04531 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2010, I SERVED a true and correct copies of the attached, by placing said copies in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copies into an inter-office delivery receptacle located in the Clerk's office.

Kathy Benz
574 N. Sonora Way
P.O. Box 490
Eagle, ID 83616

Dated: July 22, 2010

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk