IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

  v.

DAISYCHAIN ENTERPRISES, dba
FREIGHT & CRATE; CATHY BENZ; and
FRED BENZ.

    Defendants.
_____/

No. C 09-04531 CW

ORDER RE: SANCTIONS

On March 5, 2014, Plaintiff Craters & Freighters moved for an order to show cause why Defendants Cathy Benz and Fred Benz should not be held in civil and criminal contempt for violating the permanent injunction entered by this Court on May 5, 2010. Plaintiff asserts that Defendants are using Plaintiff's trademarked name "to advertise its products." On March 12, 2014, the Court entered an order to show cause why Defendants should not be held in contempt. Defendants filed a response to the order to show cause[1] and Plaintiff filed a reply. Having considered the

---

[1] Plaintiff has filed a motion to strike Defendants' response on two grounds. Plaintiff asserts that the response was not timely filed. Plaintiff further argues that Defendants' response violates Federal Rule of Civil Procedure 11 because it is "disingenuous." Pro se Defendants' response was filed three days after the deadline and Plaintiff has failed to make a showing of any Rule 11 violation. Accordingly, the Court DENIES the motion to strike. Docket No. 131.

parties' papers and the record in this case, the Court declines to sanction Defendants.

## LEGAL STANDARD

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." Id. (internal formatting and quotation marks omitted). "'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id. (citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 891 (9th Cir. 1982)).

## DISCUSSION

Plaintiff submits evidence that an internet search for "craters and freighters" provided results that included "Craters And Freighters - Domestic & Int'l Freight - wrapitexpress.com,"

2

which linked to www.wrapitexpress.com, the website for Wrapit Express. Ritchie Supp. Dec., Ex. A. Plaintiff also submits evidence that a search for "craters & freighters" provided results that included "Freighters And Craters - Domestic & Int'l Freight - wrapitexpress.com," which also led to www.wrapitexpress.com. Id.

The permanent injunction prohibits the use of "Freight & Crate" and the use of "the registered trademark 'Craters & Freighters' for any purpose whatsoever." Docket No. 104. "Freighters And Craters" is an infringing use of Plaintiff's registered trademark, "Craters & Freighters."

Plaintiff alleges that Defendants Cathy Benz and Fred Benz are "owners and operators" of Wrapit Express. In support of this contention, Plaintiff submits evidence that Defendants Cathy Benz and Fred Benz are listed as the Terminal Manager and Facilities Manager, respectively, on the Wrapit Express website. Schmitz Supp. Decl., Ex. C. Defendants counter that they are employees, not owners of Wrapit Express, although they do admit that as employees, they "are responsible for the advertising of WrapIt Express Ltd." Defendants' Dec. ¶ 5.

Defendants also represent that they did not know about the infringing search results, which they assert were the result of "optimization" of their Google AdWords account. Defendants further assert that they have "since disabled the offending programming and sincerely apologize for any confusion." Id. at ¶ 10. The Court notes that the exhibit to Defendants' declaration suggests that Defendants are responsible for the content of their AdWords results on Google and admonishes Defendants to ensure that

3

all future advertisements comply with the permanent injunction.

Plaintiff makes much of the fact that it attempted to contact Defendants regarding the infringing search results prior to filing the motion for an order to show cause. However, Plaintiff admits that it sent all communications to an address in Windsor, California, not the address for service listed for Defendants on the Case Management/Electronic Case Filing (CM/ECF) system. Indeed, even after Defendants noted that the motion for an order to show cause was served at the incorrect address, Plaintiff served its reply at that same address. The Court admonishes Plaintiff that it must send all communications, including cease and desist letters and court filings, to the address for service listed on CM/ECF. While Defendants have a duty to ensure that they are complying with the injunction, Plaintiff should make good faith efforts to communicate with Defendants if they discover any infringing activity. These good faith efforts include contacting Defendants at their addresses for service, as well as other known addresses.

Defendants must ensure that their addresses for service are kept up to date on CM/ECF. Mr. Benz is approved as an electronic-filer and is currently receiving electronic notifications of all filings. However, as a non-attorney, Mr. Benz cannot represent Ms. Benz. Accordingly, all documents must be manually served on Ms. Benz at the address for service listed on CM/ECF.

## CONCLUSION

For the foregoing reasons, the Court declines to issue sanctions against Defendants and DENIES Plaintiff's motion to

4

strike.  Docket No. 131.  Plaintiff's motion to appear by telephone is DENIED as moot.  Docket No. 132.

IT IS SO ORDERED.

Dated: 4/9/14

CLAUDIA WILKEN
United States District Judge