IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

  v.

DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ.

    Defendants.

No. C 09-04531 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

_____/

Plaintiff Craters & Freighters moves for contempt sanctions against Defendants Cathy Benz and Fred Benz. Defendants oppose both motions. After considering the parties' submissions and oral argument, Court grants the motions.

BACKGROUND

On May 5, 2010, the Court entered a permanent injunction prohibiting Defendants from using the infringing mark "Freight & Crate." Docket No. 104. The injunction specifically prohibited the use of the mark "in conjunction with any web-based advertisement." Id.

On March 5, 2014, Plaintiff Craters & Freighters moved for an order to show cause why Defendants Cathy Benz and Fred Benz should not be held in civil and criminal contempt for violating the permanent injunction entered by this Court on May 5, 2010. Plaintiff asserted that Defendants were using Plaintiff's trademarked name "to advertise its products." Docket No. 126. Specifically, Plaintiff presented evidence of internet search

results that included infringement. The Court issued an order to show cause why Defendants should not be held in contempt. Docket No. 127. On April 8, 2014, Defendants responded in writing that any infringement was inadvertent and they had "since disabled" the advertising program that caused the infringing internet search results. Docket No. 133. On April 9, 2014, the Court declined to impose sanctions, but admonished Defendants of their duty to comply with the injunction. Docket No. 137.

On April 14, 2014, Plaintiff filed another motion for an order to show cause why Defendants should not be held in civil and criminal contempt for violating the Court's injunction. Docket No. 138. Plaintiff submitted evidence that, on the morning of April 10, 2014, the day after the Court entered its order declining to impose sanctions, an internet search for "wrap it express" produced results that included "WrapIt Express Freight & Crate," which linked to the WrapIt Express website, "Wrapit express freight crate," which linked to a yellowpages.com advertisement for WrapIt Express and "Wrapit Express Crate, Freight and Logistics," which linked to the Facebook page for Wrapit Express. Schmitz Dec., Ex. A. Plaintiff submits evidence that it repeated the internet search on April 11, 12, 13 and 14 and obtained the same or similar results. Defendants admit that they "are responsible for the advertising of WrapIt Express Ltd." Docket No. 134 ¶ 5.

The Court ordered Defendants to appear at a hearing to show cause why they should not be held in contempt for failure to comply with the permanent injunction.

2

DISCUSSION

I.  Contempt

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." Id. (internal formatting and quotations omitted). "'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id. (citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 891 (9th Cir. 1982)).

As explained in the March 12, 2014 and April 25, 2014 orders to show cause, Plaintiff has submitted evidence of multiple infringing internet search results for WrapitExpress. Defendants admit that they "are responsible for the advertising of WrapIt Express Ltd." Docket No. 134 ¶ 5. Some of those infringing

3

results were discovered on April 10, 2014, just one day after the Court declined to issue sanctions.

Defendants do not dispute that the search results violate the permanent injunction. Instead, they argue that they are doing their best to comply and are having a difficult time communicating with Google. However, Plaintiff presents evidence that at least one of the search results, a "Google Place Ad," requires the company seeking the advertisement to "claim" the words they want included in the advertisement. Docket No, 146, Ex. A ¶ 15. In this case, the words on the advertisement discovered by Plaintiff were "Wrapit Exptress Freight & Crate." This advertisement violates the permanent injunction.

Thus, because Defendants have failed to show that they substantially complied with the May 2010 injunction, the Court holds them in contempt.

II. Sanctions

Civil contempt sanctions are "characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted). As such, these sanctions are typically "designed to compel future compliance with a court order" and should be made "avoidable through obedience." Int'l Union, 512 U.S. at 827.

Accordingly, the Court orders Defendants to comply with the Permanent Injunction. If at any time after May 21, 2014, Plaintiff produces evidence of infringing internet advertisements,

4

Defendants will be required to pay $1,000 per day that such advertisements are found.

### III. Attorneys' Fees and Costs

The Court further orders Defendants to pay Plaintiff's reasonable attorneys' fees and costs expended in pursuing the March 5, 2014 and April 14, 2014 motions for order to show cause. Within ten days of the date of this order, Plaintiff is directed to submit its attorneys' billing records and hourly rates. Within five days thereafter, Defendants may submit a response of no more than five pages, addressing any dispute with the amount of Plaintiff's request for fees. Within five days of Defendants' response, Plaintiff may file a reply of no more than three pages.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for contempt sanctions is GRANTED. The Court hereby holds Defendants in contempt for failing to comply with the May 2010 permanent injunction. Defendants are directed to ensure immediate compliance. Failure to do so will be considered further contempt and result in coercive sanctions of $1,000 per day that any infringing internet advertisements are found. In addition, Defendants will be ordered to pay Plaintiff's reasonable attorneys' fees and costs expended in pursuing the March 5, 2014 and April 14, 2014 motions for order to show cause.

IT IS SO ORDERED.

Dated: 5/22/2014

CLAUDIA WILKEN
United States District Judge