IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

v.

DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ.

    Defendants.

No. C 09-04531 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

On May 22, 2014, the Court entered an order granting Plaintiff's motion for contempt sanctions against Defendants Cathy Benz and Fred Benz. In its May 22 order the Court noted that Plaintiff had submitted evidence of multiple infringing internet search results for WrapitExpress and Defendants did not dispute that the search results violate the permanent injunction. Instead, Defendants argued that they were doing their best to comply and were having a difficult time communicating with Google. At the May 15 hearing regarding sanctions, Plaintiff agreed that it would have its IT department provide Defendants with instructions regarding how to remove the offending internet advertisements.

The Court ordered Defendants to comply with the Permanent Injunction and further ordered that if, at any time after May 21, 2014, Plaintiff produced evidence of infringing internet advertisements, Defendants would be required to pay $1,000 per day that such advertisements are found. On May 28, 2014, Plaintiff

filed a motion for coercive sanctions based on advertisements it discovered on the internet on May 22, 23, 24, 25, 26 and 27. Defendants' response was due by June 11, 2014. To date, Defendants have not responded.

## DISCUSSION

As noted above, at the May 15 hearing on Plaintiff's motion for sanctions, Plaintiff agreed that it would have its IT department send Defendants instructions regarding how to take down infringing internet advertisements. In its motion Plaintiff states it "immediately complied and served Defendants with such instructions." Motion at 2. However, Plaintiff did not e-file or mail the instructions to Defendants until May 22, 2014, one week after the May 15 hearing, and one day after Defendants' deadline to remove the infringing advertisements.

Nonetheless, Plaintiff presents evidence that certain infringing advertisements were still available on the internet on May 27, 2014, five days after Plaintiff e-filed and mailed Defendants the instructions.[1] Among those advertisements was a www.yellowpages.com advertisement, which was one of the types of advertisements that Plaintiff provided instructions for deleting. Moreover, Plaintiff provides evidence of a www.freightnet.com profile that includes the infringing title, "Wrapit Express Freight Crate and Logistics." Schmitz Dec., Ex. A. That advertisement contains a clear link that says, "Is this your company? - please login to edit your details." Id.

---

[1] Defendant Fred Benz is a registered e-filer who would have received a copy of the instructions on May 22.

Plaintiff provides no explanation for why it waited until the day after the deadline for compliance to provide the instructions for taking down the infringing advertisements. Moreover, Plaintiff does not provide any explanation for why it waited six days after discovering the infringing advertisements to file its motion or why it should be able to collect six days of coercive sanctions because of that delay. Accordingly, the Court will impose coercive sanctions for one day. Plaintiff may submit screen shots with supporting declarations for subsequent days if the infringing advertisements were still accessible on the internet after Plaintiff filed its motion.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for contempt sanctions is GRANTED. Within seven days of the date of this order, Defendants are ordered to pay Plaintiff $1,000.

IT IS SO ORDERED.

Dated: 6/30/2014

CLAUDIA WILKEN
United States District Judge