IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRATERS & FREIGHTERS,

    Plaintiff,

v.

DAISYCHAIN ENTERPRISES, dba FREIGHT & CRATE; CATHY BENZ; and FRED BENZ.

    Defendants.

_____/

No. C 09-04531 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

    Plaintiff Craters & Freighters has filed a motion for additional contempt sanctions for violation of the Court's June 30, 2014, July 9, 2014 and July 15, 2014 orders.  Having considered Plaintiff's papers, the Court grants the motion and awards additional contempt sanctions.  In addition, the Court imposes the further contempt sanctions it discussed in its July 15 order.

BACKGROUND

    In an order dated May 22, 2014, the Court granted Plaintiff's motion for contempt sanctions and advised Defendants that it would impose sanctions of $1,000 per day that any infringing internet advertisements are found.  Docket No. 159.  On June 30, 2014, the Court entered an order awarding Plaintiff $15,622.15 in attorneys' fees and costs (Docket No. 165) and an order granting Plaintiff $1,000 in contempt sanctions (Docket No. 166).  Both orders directed Defendants to pay Plaintiff within seven days of the date of the order.  The order awarding attorneys' fees and costs

advised Defendants that if they were unable to pay the full $15,622.15 within seven days of the date of the order, they must pay "what they can" and "file a financial affidavit and a proposed payment plan within seven days of the date of [the June 30] order." Docket No. 165.

On July 7, 2014, the day that payment of both amounts or partial payment and a financial affidavit and proposed payment plan were due, Defendants filed a "Motion for 30 Day Extension of Court's Orders of June 30, 2014." In that motion, Defendants stated that they were "in the process of collecting funds as ordered by the Court but will need 30 days to attain said funds." Docket No. 168. However, Defendants did not submit any financial affidavits to support a finding that they are unable to pay any portion of the $16,622.15 due or that they required thirty days to pay the amount in full. Moreover, the Court did not offer Defendants any extension on payment of $1,000 in contempt sanctions.

On July 8, 2014, the Court denied Defendants' motion for extension of time and ordered Defendants to pay Plaintiff $16,622.15 within three days of the date of that order. The Court again advised that, if Defendants were not able to pay the full amount within three days, they must pay at least the $1,000 in contempt sanctions and any portion of the attorneys' fees and costs that they were then able to pay. The Court further ordered that, if Defendants made a partial payment, they must also file a financial affidavit disclosing all assets and liabilities, signed under penalty of perjury, and a proposed payment plan, within three days of the date of the order.

2

On July 15, 2014, two days after the deadline set out in the Court's July 8 order, the Court received various documents from Defendants. These documents included a purported promissory note in the amount of $16,622.15 and a declaration from Defendant Fred Benz that stated that "all monies provided for in the matter on file herein have been deposited with the Clerk of the District Court and credited and posted in the above captioned action." Docket No. 171. The declaration further indicated that "the party for whose benefit this order is being presented is entitled to withdraw the sum of $16,622.15." Id. However, Defendants did not submit any payment to the Court, only the purported promissory note.

On July 15, 2014, the Court entered an order noting that Defendants had made no effort to comply with the Court's prior orders and directing them to make full payment or to make partial payment, along with a financial affidavit and a proposed payment plan. The Court again ordered Defendants to pay Plaintiff $16,622.15 within three days of the date of that order. The Court again advised that, if Defendants were not able to pay the full amount within three days, they must pay at least the $1,000 in contempt sanctions and any portion of the attorneys' fees and costs that they were then able to pay. The Court further ordered that, if Defendants made a partial payment, they must also file a financial affidavit disclosing all assets and liabilities, signed under penalty of perjury, and a proposed payment plan, within three days of the date of the order. Finally, the Court ordered that, if Defendants did not comply with the Court's order within three days of the date of the order, they were ordered to show

3

cause why they should not be assessed $100 in contempt sanctions for every day, beginning July 21, 2014, that they do not comply with the Court's order to pay contempt sanctions and fees. Defendants' deadline to respond to the order to show cause was July 21, 2014, unless they complied with the order. To date, Defendants have not responded to the order to show cause.

Plaintiff presents evidence that, on July 21, 2014, Defendants mailed to Plaintiff a letter stating, "Please find enclosed payment per orders issued by Judge Claudia Wilken, US District Court Judge, on June 30, 2014 in the above referenced case. This constitutes payment in full." Docket No. 174, Ex. A. Enclosed with the letter was a check for $16,622.15, with the words "PROMISSORY NOTE" printed across the face of the check. Id.

Plaintiff also presents evidence that it discovered infringing internet search results on June 1, 2 and 3. Docket No. 174, Ex. B. Although an internet search on June 4, 2014 produced no infringing results, internet searches on July 24 and 25, 2014 again produced infringing results. Docket No. 174, Exs. C and D.

## DISCUSSION

I. Failure to Pay Previously Ordered Sanctions, Fees and Costs

The Court has three times ordered Defendants to pay the full $1,000 of contempt sanctions and either to pay $15,522.15 in attorneys' fees and costs or to make a partial payment, propose a payment plan and provide a financial declaration. Defendants have responded to the three orders with a total disregard for the Court's instructions.

In its July 15, 2014 order, the Court advised Defendants that, if they failed to comply with the Court's order, they must

4

show cause why they should not be assessed $100 in contempt sanctions for every day, beginning July 21, 2014, that they do not comply with the Court's order to pay contempt sanctions and fees. Defendants have failed to comply with the Court's order or to respond to the order to show cause. Accordingly, the Court will again order Defendants to pay Plaintiff $16,522.15 in contempt sanctions and attorneys' fees and costs. In addition, Defendants are ordered to pay an additional $100 per day in sanctions, beginning on the date of this order, through the date they pay Plaintiff in full.

II. Continued Failure to Comply with the Permanent Injunction

Plaintiff has produced evidence that internet searches on June 1, 2 and 3 and July 24 and 25 produced infringing results. In an order dated May 22, 2014, the Court granted Plaintiff's motion for contempt sanctions and advised Defendants that it would impose sanctions of $1,000 per day that any infringing internet advertisements are found. Docket No. 159. Accordingly, the Court awards Plaintiff an additional $5,000 in contempt sanctions. In addition the Court orders Defendants to pay Plaintiff's reasonable attorneys' fees and costs expended in pursuing the July 25, 2014 motion. Within ten days of the date of this order, Plaintiff is directed to submit its attorneys' billing records and hourly rates. Within five days thereafter, Defendants may submit a response of no more than five pages, addressing any dispute with the amount of Plaintiff's request for fees. Within five days of Defendants' response, Plaintiff may file a reply of no more than three pages.

CONCLUSION

For the reasons set forth above, Defendants are ordered to pay Plaintiff $21,522.15 in contempt sanctions and attorney's fees. Defendants are further ordered to pay $100 per day in additional sanctions for failure timely to pay the previously ordered sanctions. Defendants shall pay $100 per day in sanctions until Defendants pay in full the $16,522.15 previously ordered to be paid. In addition Defendants will be ordered to pay Plaintiff's reasonable attorneys' fees and costs expended in pursuing its July 25 motion. The Clerk of the Court shall enter a judgment in favor of Plaintiff and against Defendants in the amount of $22,722.15.

Plaintiff may attempt to execute this judgment in accordance with state and federal law. In addition, Plaintiff may move for an order directing www.yellowpages.com and www.freightnet.com to stop selling infringing advertisements to Defendants. If Plaintiff is unable to locate any bank accounts or real or personal property upon which to execute the judgment, it may seek criminal contempt. Any motion for criminal contempt must be made in compliance with the requirements of due process and Federal Rule of Criminal Procedure 42.

IT IS SO ORDERED.

Dated: 8/7/2014

CLAUDIA WILKEN
United States District Judge