IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CRATERS & FREIGHTERS, a Colorado Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>DAISYCHAIN ENTERPRISES, a California Corporation, dba FREIGHT & CRATE; CATHY BENZ, an individual; and FRED BENZ, an individual,<br><br>            Defendants.<br>_____/ | No. C 09-4531 CW<br><br>ORDER FINDING DEFENDANTS IN CONTEMPT |

On April 23, 2015, the Court granted Plaintiff's motion for an order to show cause why Defendants should not be held in contempt for violating the Court's permanent injunction and set a hearing for May 21, 2015.  Docket No. 214.  On May 21, 2015, counsel for Plaintiff and Defendants, proceeding pro se, appeared for the show cause hearing.  At the hearing, Defendants did not contest Plaintiff's evidence that they had incorporated a Colorado business named "Craters & Freighters, Inc." or that they had used the name "Freight & Crate" in filings before the United States Patent and Trademark Office.

Accordingly, the Court GRANTS Plaintiff's motion that Defendants be held in contempt and ORDERS as follows:

(1)   On or before May 28, 2015, Defendants shall file with the Colorado Secretary of State the necessary paperwork to request the dissolution of the business named "Craters & Freighters, Inc."

(2)  On or before May 28, 2015, Defendants shall modify their filing before the United States Patent and Trademark Office to make clear that the filing is being made on behalf of Cathy Benz and Fred Benz, and not on behalf of "Freight & Crate."

(3)  Defendants shall provide Plaintiff's counsel and the Court with proof of their compliance with items (1) and (2).  If Defendants fail to comply with item (1) or (2), the Court will impose monetary sanctions in the amount of $1,000 per day beginning on May 28, 2015, until compliance is shown.

(4)  Defendants are ordered to pay Plaintiff's reasonable attorneys' fees and costs associated with the instant motion for a contempt finding.  On or before May 28, 2015, Plaintiff's counsel shall file a declaration detailing time spent, hourly rates and costs claimed.  Defendants may file a response to the declaration within one week thereafter.  Defendants' filing may only address the reasonableness of the amount of fees and costs requested.  Plaintiff may file a reply within four days of the filing of any response by Defendants.

In addition, Defendants have agreed to begin to pay the previously ordered sanctions in weekly installments of $10.  Defendants made a payment of $20 on May 21, 2015, representing the payments due on that date and May 28, 2015.  The next payment is due on June 4, 2015 and then every week thereafter.  Payments shall be made directly to Plaintiff or to Plaintiff's counsel's trust account.  On or before May 28, 2015, Defendants shall file a financial affidavit to support their contention that $10 per week is the maximum amount they are able to pay toward the previously ordered sanctions.  If Defendants fail to comply with the payment

2

plan outlined above, Plaintiff may file a motion for additional coercive civil or criminal contempt sanctions, including incarceration.  Any such motion must cite legal authority permitting the Court to impose the requested sanctions and detail the procedural requirements that apply.

The Court DENIES Defendants' objections to the Court's April 23, 2015 order. Docket No. 215.  Finally, as stated at the hearing, Plaintiff need not respond to Defendants' future filings unless the Court specifically requests a response.

IT IS SO ORDERED.

Dated: 05/22/2015

CLAUDIA WILKEN
United States District Judge

3