IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRATERS & FREIGHTERS, a Colorado Corporation, and CRATERS & FREIGHTERS FRANCHISE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>DAISYCHAIN ENTERPRISES, a California Corporation, dba FREIGHT & CRATE; CATHY BENZ, an individual; and FRED BENZ, an individual,<br><br>    Defendants.<br>_____/ | No. C 09-4531 CW<br><br>ORDER TO SHOW CAUSE AND ORDER REGARDING PENDING MOTIONS<br><br>(Docket Nos. 227, 228 and 229) |

Defendants Cathy Benz and Fred Benz move for leave to file a motion to reconsider this Court's April 2015 order denying Defendants' prior motion to reopen this case, to strike the original complaint and to dismiss with prejudice due to lack of subject matter jurisdiction. Docket No. 227.[1] Plaintiff Craters & Freighters seeks an order to show cause as to why Defendants should not be held in criminal contempt for violating the Court's orders and permanent injunction. Docket No. 228. Defendants move to postpone all further proceedings pending their appeal of this Court's April 2015 order. Docket No. 229. For the reasons below and in the Court's prior orders, see Docket Nos. 214 & 223, the

---

[1] This Court has issued a permanent injunction barring Defendants' use of "Freight and Crate" and "the registered trademark 'Craters & Freighters' for any purpose whatsoever." See Docket No. 104 at 1-2. Among other rulings, this Court has also granted Plaintiff's motion for contempt sanctions against Defendants. See Docket No. 226 at 1.

Court DENIES Defendants' motion for leave to file a motion to reconsider (Docket No. 227), and DENIES Defendants' motion to stay proceedings (Docket No. 229). With regard to Plaintiff's motion for an order to show cause (Docket No. 228), Defendants shall file an opposition within seven days of the date of this Order, and any reply shall be due one week thereafter.

I.  Defendants' Motions

The Court construes Defendants' motion for reconsideration as one asking the Court to entertain the motion after Defendants filed their amended notice of appeal.[2] The Court DENIES the motion. "Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment." Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007). "However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the court of appeals], if appropriate, for remand of the case.'" Id. (citations omitted)); see also Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant

---

[2] This Court entered a permanent injunction against Defendants in May 2010 (Docket No. 104) and denied Defendants' motion to reopen this case, strike the original complaint and dismiss the case in April 2015 (Docket No. 214). On April 29, 2015, Defendants filed an amended notice of appeal of the Court's April 2015 order (Docket No. 217). That appeal is pending. See No. 14-17497 (9th Cir. filed April 29, 2015). Defendants filed their motion for leave to file a motion to reconsider this Court's April 2015 order in August 2015 (Docket No. 227).

2

because of an appeal that has been docketed and is pending, the court may . . . 2) deny the motion . . . .").

Defendants argue that, in its April 2015 order denying Defendants' prior motion to reopen this case, to strike the original complaint and to dismiss the case, the Court referred to "the name in the caption of the complaint []as 'Craters and Freighters,'" and erred because "in actuality the name in the caption of the complaint was 'Craters & Freighters, a Colorado Corporation.'" Docket No. 227 at 2; see also id. at 1 (citing Fed. R. Civ. P. 60(b) and seeking "leave to . . . to move [the Court] to reconsider its last decision"). The Court deemed "CRATERS & FREIGHTERS" to be the name in the caption of the complaint when noting "that the name in the caption of the complaint, 'Craters & Freighters,' does not contain any of the words or abbreviations required by Colorado statute to incorporate an entity"—"the term or abbreviation 'corporation,' 'incorporated,' 'company,' 'limited,' corp.,' 'inc.,' 'co.' or 'ltd.'" Docket No. 214 at 6; Colo. Rev. Stat. Ann. § 7-90-601(3)(a).

Defendants offer no new cognizable reason to warrant relief from the Court's judgment. See Fed. R. Civ. P. 60(b)-(c); Docket No. 214 at 4-5 (denying as untimely Defendants' motion to reopen the case, strike the original complaint and dismiss the case with prejudice due to lack of subject matter jurisdiction); id. at 9 (denying Defendants' motion and ordering "Craters & Freighters Franchise Company" to ratify, join or be substituted as the real party-in-interest); Docket No. 223 at 3 (denying Defendants' subject matter jurisdiction objections to the Court's April 2015

3

order). Accordingly, the Court DENIES Defendants' motion (Docket No. 227).

Second, the Court DENIES Defendants' motion to "postpone all further proceedings" pending appeal. "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id. at 433-34.

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip[s] in his favor, and that a stay is in the public interest." Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010).[3] The first two factors of this standard "are the most critical." Nken, 556 U.S. at 434. Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest. Id. at 435.

---

[3] An alternative to this standard is the "substantial questions" test. Under this test, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff" can support the issuance of a stay, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

4

Defendants fail to justify a stay.  To the extent Defendants continue to rely on their subject matter jurisdiction argument as in their motion for leave to file a motion for reconsideration, the Court addresses that argument, and its lack of merit, above. Further, Defendants cite "the interest of Judicial Economy" in their motion, Docket No. 229 at 2, but do not claim that absent a stay they will suffer irreparable harm.  Accordingly, the Court DENIES Defendants' motion to postpone further proceedings.

II.  Plaintiff's Motion

Plaintiff claims that Defendants have violated this Court's orders "[s]ince . . . May 22, 2015" by filing a Statement of Reservation of Name "Craters & Freighters, a Colorado Corporation" with the Colorado Secretary of State in August 2015 in violation of the permanent injunction in this case (Docket No. 104), and by failing to file a financial affidavit or to pay in full the amount due in accordance with this Court's June 2015 order (Docket No. 226).  Docket No. 228 at 2.

In addition to the Court's order related to the payment of sanctions imposed or the filing of a financial affidavit regarding ability to pay, the Court ordered:

> (1) On or before May 28, 2015, Defendants shall file with the Colorado Secretary of State the necessary paperwork to request the dissolution of the business named "Craters & Freighters, Inc."
> (2) On or before May 28, 2015, Defendants shall modify their filing before the United States Patent and Trademark Office to make clear that the filing is being made on behalf of Cathy Benz and Fred Benz, and not on behalf of "Freight & Crate."
> (3) Defendants shall provide Plaintiff's counsel and the Court with proof of their compliance with items (1) and (2). If Defendants fail to comply with item (1) or (2), the Court will impose monetary sanctions in the amount of $1,000 per day beginning on May 28, 2015, until compliance is shown.

5

See Docket No. 223 at 1-2.  In their further briefing, the parties shall address Defendants' compliance with these terms.

Defendants are ordered to show cause in writing and at a hearing why they should not be held in civil or criminal contempt, or both.  Defendants shall file an opposition to Plaintiff's motion (Docket No. 228) within seven days of the date of this Order, and any reply shall be due one week thereafter.  Defendants' opposition shall address why they should not be incarcerated until they file a financial affidavit as ordered by this Court on May 22, 2015 (Docket No. 223) and June 11, 2015 (Docket No. 226).  A hearing on Plaintiff's motion will be held Tuesday, January 12, 2016 at 2:30 p.m.

The Court notes that Plaintiff's motion for the imposition of criminal penalties does not comply with this Court's prior instructions.  See Docket No. 214.  The Court required that Plaintiff file two proposed orders, one "that gives notice to Defendants and states the 'essential facts constituting the charged criminal contempt and describe it as such,'" and one "appointing the United States Attorney for this district as a special prosecutor."  Id. at 13 (citing Fed. R. Crim. P. 42).  Plaintiff must also "include a brief specifying the due process protections that must be provided, such as the maximum sentence, the right to a jury trial and the right to appointed counsel."  Id.  Plaintiff has filed one proposed order with this motion, but not a proposed order appointing the United States Attorney for this district as a special prosecutor.  See Docket No. 228-2.  If it wishes to pursue a criminal contempt remedy, it must file such a proposed order as directed.

6

CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion for leave to file a motion to reconsider this Court's April 2015 order (Docket No. 227) and their motion to stay proceedings (Docket No. 229). Defendants shall file an opposition to Plaintiff's motion (Docket No. 228) within seven days of the date of this Order, and any reply shall be due one week thereafter. A hearing on Plaintiff's motion will be held Tuesday, January 12, 2016 at 2:30 p.m.

IT IS SO ORDERED.

Dated: November 30, 2015

CLAUDIA WILKEN
United States District Judge