IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRATERS & FREIGHTERS, a Colorado Corporation, and CRATERS & FREIGHTERS FRANCHISE COMPANY,<br><br>　　Plaintiff,<br><br>　v.<br><br>DAISYCHAIN ENTERPRISES, a California Corporation, dba FREIGHT & CRATE; CATHY BENZ, an individual; and FRED BENZ, an individual,<br><br>　　Defendants.<br>_____/ | No. C 09-4531 CW<br><br>ORDER DENYING CIVIL AND CRIMINAL CONTEMPT HOLDING<br><br>(Docket Nos. 228 and 240) |

　　Plaintiff Craters & Freighters moves for an order to show cause as to why Defendants Cathy Benz and Fred Benz should not be held in criminal contempt. Plaintiff also moves for the appointment of a prosecutor to seek the imposition of criminal penalties for willful violations of the Court's orders. Docket No. 228. On November 30, 2015, the Court ordered that Defendants show cause in writing and at a hearing why they should not be held in civil or criminal contempt, or both. Subsequently, Defendant Fred Benz filed an Application for an Order to Show Cause Why [Plaintiff's attorney] John P. Schmitz Should Not Be Held in Contempt of Court and Prosecuted for False Filing, Misrepresentation, Trespass, Theft, Identity Theft and Money Laundering. Docket No. 240. Fred Benz and Cathy Benz each later

filed a financial affidavit.[1]  The Court held a hearing on Tuesday, January 12, 2016.  Having considered arguments at the hearing, the parties' filings and the record in this case, the Court DENIES Plaintiff's motion to appoint a prosecutor for the alleged criminal contempt, declines to sanction Defendants based on this motion and DENIES Defendants' application for an order to show cause.

"The standard for finding a party in civil contempt is well settled: 'The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court.  The burden then shifts to the [non-moving party] to demonstrate why they were unable to comply.'"  <u>FTC v. Affordable Media, LLC</u>, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting <u>Stone v. City & Cty. of San Francisco</u>, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

Plaintiff asserts that Defendants have violated the Court's permanent injunction and prior orders by (1) failing to file financial affidavits; (2) failing to pay amounts due; (3) paying only eighteen of twenty-eight required weekly payments of ten dollars per week (as of December 10, 2015); (4) directing their sons to file, in August 2015, a Statement of Reservation of Name for "Craters & Freighters, a Colorado Corporation;" and (5) directing one of their sons to transfer a Statement of Reservation of Name for "Craters & Freighters, a Colorado

---

[1] One affidavit is signed "Kathy Benz," but other filings with the Court list "Cathy Benz."  The Court uses the spelling that appears in Defendants' prior motion for leave to file a motion to reconsider.  <u>See</u> Docket No. 227.

2

Corporation" to a "Steve Barnard," who then filed Articles of Incorporation for the entity—actions Plaintiff characterizes as a "straw man transaction to reincorporate Freighters & Craters, a Colorado Corporation."  Docket No. 233 at 2.[2]

The Court declines to find Defendants in civil contempt for failure to file a financial affidavit, as ordered by this Court on May 22, 2015 and June 11, 2015.  Fred Benz and Cathy Benz now have filed financial affidavits with the Court.

The Court denies Plaintiff's motion to appoint a prosecutor to initiate criminal contempt proceedings.  The permanent injunction prohibits the use of "Freight & Crate" and the use of "the registered trademark 'Craters & Freighters' for any purpose whatsoever."  Docket No. 104.  Although Plaintiff submits filings with the Colorado Secretary of State that include the names Tyler Frederick Benz and Alexander Richard Benz, Plaintiff has not submitted evidence that Defendants Cathy Benz and Fred Benz are associated with those filings.  Defendants have indicated that they are unable to pay amounts previously ordered, and Plaintiff has not produced evidence that Defendants are able to pay or that they are evading the execution of the judgment.  As the Court indicated at the hearing, it will order a settlement conference regarding outstanding amounts due to Plaintiff, if the parties so

---

[2] Plaintiff indicates that Defendants have obeyed the Court's orders to "dissolve 'Craters & Freighters, a Colorado Corporation' with the Secretary of State of Colorado," Docket No. 232 at 3 n.1, and to ask the United States Patent and Trademark Office to "remove Freight & Crate from the company line," id. at 3.

3

request.  Plaintiff has not alleged that Defendants are using the infringing marks in advertising.

The Court reiterates that violations of the Court's orders, including the permanent injunction, may lead to contempt sanctions that may include incarceration until compliance is obtained.  <u>See</u> <u>Lasar v. Ford Motor Co.</u>, 399 F.3d 1101, 1110 (9th Cir. 2005).  The Court does not condone Fred Benz's and Cathy Benz's delay in filing their financial affidavits, and notes that their affidavits lack detail.  Plaintiff may continue to pursue its civil remedies to execute the judgment.  The Court's primary concern is preventing Defendants' use of Plaintiff's trademarks in violation of the permanent injunction.

Separately, the Court denies Fred Benz's application for an order to show cause.  The Court reiterates that it has rejected Defendants' subject matter jurisdiction arguments.  <u>See</u> Docket Nos. 214, 222.  Defendants present no evidence that Plaintiff's attorney has violated an order of this Court.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's request for the appointment of a prosecutor to seek the imposition of criminal penalties for willful violations of the Court's orders (Docket No. 228), declines to hold Defendants in civil contempt and DENIES Defendants' application for an order to show cause (Docket No. 240).

IT IS SO ORDERED.

Dated: February 2, 2016

CLAUDIA WILKEN
United States District Judge

4